UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Joseph Coniglione,

    Plaintiff,

vs.                               Case No.:

Maher Chevrolet, Inc.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Joseph Coniglione, hereinafter referred to as ("Plaintiff"), by and through his undersigned counsel, and hereby sues the Defendant, Maher Chevrolet, Inc., hereinafter referred to as ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant

to 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff Joseph Coniglione is a resident of Palm Harbor, Pinellas County, Florida.

5.     Defendant Maher Chevrolet, Inc. is a Florida corporation, licensed and authorized to conduct business in Pinellas County, Florida, with its primary business address located at 2901 34th Street North, St. Petersburg, Florida 33713.

6.     Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

7.     All conditions precedent to bringing this action have occurred.

8.     On January 29, 2026, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

9.     On June 9, 2026, the EEOC issued a Determination and Notice of Rights related to Plaintiff's Charge of Discrimination (EEOC Charge No. 511-2026-01988). This Complaint is filed within ninety (90) days of the issuance of the Determination and Notice of Rights.

## GENERAL ALLEGATIONS

10.     Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

11.     At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

12.     Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

13.     Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

14.     Plaintiff Joseph Coniglione is an experienced automotive professional who was 64 years old at the time of his demotion and termination.

15.     Defendant Maher Chevrolet, Inc. operates an automobile dealership located at 2901 34th Street North, St. Petersburg, Florida 33713, and employs over 100 employees at all relevant times.

16.     Plaintiff was employed by Defendant as a Used Car Manager beginning in January 2016. Throughout his nearly ten years of employment with Defendant, Plaintiff had no write-ups, no disciplinary history, and never received a negative performance review.

3

17.    At all relevant times, Robert Towler served as Defendant's General Manager and acted as Defendant's agent with authority over Plaintiff's employment.

18.    Beginning in or around September 2025, Mr. Towler, who was in the process of retiring, repeatedly summoned Plaintiff to his office to discuss retirement. These conversations occurred approximately five or six times over the course of the year and became more frequent during the final three months of Plaintiff's employment.

19.    On more than one occasion, Mr. Towler told Plaintiff that "we're getting old" and that "time has passed us by." Plaintiff understood these comments to be directed at his age and his suitability to continue in his role.

20.    During this same period, Defendant announced that a new, significantly younger General Manager would be taking over Mr. Towler's position upon Mr. Towler's retirement.

21.    In October 2025, Plaintiff was again called into Mr. Towler's office, where Mr. Towler repeated that "we're getting old and this business has passed us by." Within days of that meeting, Defendant demoted Plaintiff from his position as Used Car Manager and reassigned him to a recon and inventory role. There was no performance-related justification for this change.

22.    Plaintiff had previously trained Hunter Vaughn, a substantially younger employee in his thirties, who then assumed Plaintiff's former position as Used Car Manager following Plaintiff's demotion.

23.    During the course of his employment, Plaintiff was placed in a supervisory role over a used car salesperson named Maher Alsayed. In October 2025, personnel at Defendant's dealership discovered that Mr. Alsayed had been engaging in fraud by diverting trade-in equity checks intended for customers. The fraudulent checks were routed through Defendant's Finance Director, who maintained a personal friendship with Mr. Alsayed and was one of the signers on those checks.

24.    In total, it was later discovered that Mr. Alsayed had fraudulently cashed trade-in checks totaling over $400,000.00. This scheme had been ongoing for years before it was discovered.

25.    An Operations Manager at Defendant's dealership specifically informed Plaintiff that the theft was not his fault and that it had been ongoing long before. Further demonstrating Defendant's awareness of Mr. Alsayed's conduct, Mr. Alsayed had been granted full access to Defendant's management CRM system for years, through which he was permitted to work his own deals. Both the incoming General Manager, Shawn Hartman, who maintained a close personal

friendship with Mr. Alsayed and vacationed with him, and Defendant's Finance Manager were aware that Mr. Alsayed had this access.

26.     On December 18, 2025, Defendant terminated Plaintiff's employment. The stated reason for termination was Plaintiff's alleged failure to follow instructions regarding his supervisory duties over Mr. Alsayed. Notably, Defendant did not terminate or take any adverse employment action against the Finance Director, who was one of the check signers on the fraudulent transactions, Mr. Hartman, or others with a closer operational and personal connection to Mr. Alsayed.

27.     Defendant's stated reason for terminating Plaintiff is false, inconsistent, and pretextual. Critically, Plaintiff had already been demoted from his Used Car Manager position weeks before the fraud was even discovered, based solely on age-based animus, as evidenced by Mr. Towler's repeated comments about Plaintiff being too old for his role. Defendant subsequently seized upon Mr. Alsayed's fraud as a post-hoc justification to complete the termination of an employee it had already targeted for removal on account of his age. Moreover, Defendant's decision to single out Plaintiff while taking no action against Mr. Hartman or the Finance Manager, both of whom had direct knowledge of Mr. Alsayed's access and activities, further evidences the pretextual nature of Defendant's stated justification.

6

28. Defendant's decision to single out Plaintiff for termination, while retaining Mr. Hartman, the Finance Manager, and the Finance Director, all of whom had a closer operational and personal connection to Mr. Alsayed, is consistent with its age-based animus toward Plaintiff.

29. Defendant did not terminate Hunter Vaughn, the substantially younger employee in his thirties who replaced Plaintiff as Used Car Manager, nor did it terminate Shawn Hartman, the Finance Manager, or the Finance Director, despite their direct connections to Mr. Alsayed and his fraudulent conduct.

30. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost employment benefits, lost employment opportunities, emotional distress, and other compensatory damages.

31. Defendant's conduct was willful, reckless, and in callous disregard of Plaintiff's rights under applicable federal and state law.

## COUNT I
### AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") – AGE DISCRIMINATION

32. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 31.

33. Plaintiff, at age 64 at the time of his termination, is a member of a protected class under the ADEA, 29 U.S.C. § 621, *et seq.*, which prohibits discrimination against individuals who are at least 40 years of age.

7

34. Plaintiff suffered adverse employment actions, including his demotion from Used Car Manager to a recon and inventory role and his subsequent termination, because of his age.

35. The above-described acts of age discrimination constitute violations of the ADEA, 29 U.S.C. § 621, *et seq.*, for which Defendant is liable.

36. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Interest on front pay and benefits;

    e.    Compensatory damages, including those for emotional pain and suffering;

    f.    Liquidated damages;

    g.    Injunctive relief;

    h.    Attorney's fees and costs; and

    i.    All such other relief/damages to which Plaintiff is entitled.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – AGE DISCRIMINATION

37. Plaintiff realleges and adopts, as if fully set forth herein, the

8

allegations stated in paragraphs 1 through 31.

38.    Plaintiff suffered adverse employment actions, including his demotion from Used Car Manager to a recon and inventory role and his subsequent termination, because of his age, in violation of the Florida Civil Rights Act ("FCRA"), Chapter 760, *et seq., Florida Statutes*.

39.    The above-described acts of age discrimination constitute violations of the FCRA, Chapter 760, *et seq., Florida Statutes*, for which Defendant is liable.

40.    As a result of Defendant's unlawful age discrimination, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Interest on front pay and benefits;

    e.    Compensatory damages, including those for emotional pain and suffering;

    f.    Punitive damages;

    g.    Injunctive relief;

    h.    Attorney's fees and costs; and

    i.    All such other relief/damages to which Plaintiff is entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts and issues triable by jury.

**DATED:**  June 19, 2026

**FLORIN | GRAY**

*/s/ Troy E. Longman II*
**Troy E. Longman II**
Florida Bar No.: 1031921
tlongman@floringray.com
**Wolfgang M. Florin**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942

*Attorneys for Plaintiff*